SUSAN B. HAMBRICK *v.* WM. I. GOWAN ET AL.

**Husband and Wife—Property of Wife—Possession.**

Where a husband had possession of his wife's money, either as a loan or for the purpose of paying it on the purchase-price of land bought by him, and it was used in partnership business in which the husband was interested, and the wife's conduct was free from fraud, and she got possession of the money by as meritorious means as did the partnership, a court of equity will not disturb her possession thereof.

APPEAL FROM SHELBY CIRCUIT COURT.

March 26, 1874.

OPINION BY JUDGE PETERS:

It clearly appears from the evidence that appellant had, by devise from her father, a small piece of land, which in May, 1867, she sold to her brother for $1,700, one-third down, one-third paid in the spring of 1868, and the last payment was due in May, 1869,

but as Gabe proves, was paid to her in December, 1869. That was after the partnership was formed between her husband and Gowan, and while it was in existence, for it did not close till the fall of 1870, when Hambrick sold the cattle in Paris and absconded; appellant says she handed the money to her husband to pay to her vendor on the land; appellee, Gowan, proves by the witness, Hammond, that she said she loaned the money to her husband. Gowan introduced the witness to prove appellant's statements about how she got the $600 for which she was sued; and in the same conversation the witness proves she stated that she had loaned her husband the money.

When he borrowed it, giving that version to the transaction, he of course promised to return it, and it was not an appropriation of his wife's money to his own use; and from the correspondence in dates, the fact that Gowan and Hambrick were buying and speculating in cattle at the time, and were partners, it is reasonable and most probable that appellant's money was used by the firm, and in its business. It cannot be doubted from the evidence that either she loaned her husband the money, or that she placed it in his hands to pay for her land; in either case she would be regarded as his creditor in equity, entitled to remuneration, and to all the rights and privileges of other creditors.

Section 1373, Story's Equity Jurisprudence. So where the wife charges her separate estate for her husband's use, intending it as a loan, and not as a gift, she will be considered as a creditor, and will be supplied with all the means of enforcing the demand against her husband's estate that any other creditor would possess. Chancey on Husband and Wife, p. 590. Mrs. Hambrick either parted with her money on a promise that it should be refunded to her, or that it should be paid to the vendor of her land to secure it to her; it was used during the existence of the partnership, and as the circumstances indicate strongly, in its business. Her conduct has been free from fraud, and having gotten her money with a claim as meritorious as appellees', a court of equity has no lawful authority to disturb her.

Wherefore the judgment must be reversed and the cause remanded with directions to dismiss the petition as to appellant.

*Scott, for appellant.*

*Harwood, for appellees.*